THE LAW OFFICES OF

# NATHANIEL Z. MARMUR, PLLC

500 FIFTH AVENUE, 40TH FLOOR, NEW YORK, NY 10110
T: 212-257-4894   F: 646-829-9519
NMARMUR@MARMURLAW.COM
WWW.MARMURLAW.COM

**BY ECF**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2020
```

Re:   <u>United States v. Adrian Fiseku, 18 Cr. 767 (VM)</u>

Dear Judge Marrero:

      I represent Adrian Fiseku in the above matter and write, on consent of the government and Pretrial Services, to request removal of the home monitoring component of his release in favor of location monitoring along with a curfew to be set by Pretrial Services.

      Mr. Fiseku has been restricted to his home in Staten Island since his arrest approximately one-and-a-half years ago. Since that time he has been fully compliant with the terms of his release, as confirmed by PTSOs from both the Eastern District of New York, where he is being monitored, and the Southern District of New York, which has jurisdiction over him. Moreover, Mr. Fiseku has made all court appearances, including his entry of a guilty plea.

      Mr. Fiseku lives with his sixty-eight year old mother, who has had one knee replacement and walks with a limp because of issues with her other knee. She does not drive, and thus her ability to do her daily chores, such as grocery shopping, picking up prescription medication, or going to the bank is severely limited to those times that Mr. Fiseku is allowed out of the house. Moreover, additional outside time (consistent with social distancing requirements) will allow Mr. Fiseku a greater ability to engage in physical activity in addition to the physical therapy he now undergoes 2-3 a week.

      Under the circumstances, we respectfully suggests that home-confinement is no longer a necessary component of the terms of Mr. Fiseku's release, and that allowing him to abide by a curfew will also ease the burden of monitoring him that falls on the Pretrial Services Office during these difficult time when such resources are strained.

THE LAW OFFICES OF
# NATHANIEL Z. MARMUR, PLLC

        SDNY Intensive Supervision Specialist Bernisa M. Mejia has informed me that, in light of Mr. Fiseku's compliance, the PTSO does not object to our request.  AUSA Andrew Chan has informed me that the government consents to this request as well.

        Respectfully submitted,

**SO ORDERED.**
4/3/2020
DATE
/s/ Victor Marrero, U.S.D.J.

Nathaniel Z. Marmur

cc:    AUSAs Andrew Chan and Margaret Graham (by ECF)